IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN RAY TAGGART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-00050-PRW |
| ) | |
| CASING CREWS, INC. and CHAD ) | |
| NICKLOS SALAZAR, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case arose out of a collision that occurred when a pickup truck and flatbed trailer driven by Defendant Salazar crossed a highway in front of Plaintiff Taggart's tractor-trailer. Before the Court is Defendants' Motion for Partial Summary Judgment on Punitive Damages (Dkt. 44). Plaintiff Taggart filed a response in opposition (Dkt. 48) and Defendants filed a reply (Dkt. 49). For the reasoning explained below, the motion is **DENIED**.

*Background*

On August 14, 2018, Chad Nicklos Salazar was driving an F-250 and flatbed trailer—owned by his employer, Casing Crews, Inc.—and was transporting equipment. After traveling down May Avenue and stopping at a stop sign, Mr. Salazar attempted to cross State Highway 39, where highway traffic does not stop. After entering the intersection, Mr. Salazar's vehicle and trailer was unable to cross the highway before a tractor-trailer driven by Franklin Ray Taggart on the highway reached the intersection and

collided with the rear wheel area of the flatbed trailer. This collision resulted in some minor damage to the flatbed trailer, moderate damage to Mr. Taggart's tractor, and injuries to Mr. Taggart. Mr. Taggart filed suit in this Court pursuant to this Court's diversity jurisdiction, raising various negligence claims and seeking punitive damages in addition to compensatory damages. Defendants now move for partial summary judgment on the claim for punitive damages.

## *Legal Standard*

Rule 56(a) of the Federal Rules of Civil Procedure requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the Court does not weigh the evidence and determine the truth of the matter asserted, but instead determines only whether there is a genuine dispute for trial before the fact-finder.[1] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[2] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[3] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could

---

[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[3] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

resolve the issue either way.[4] At the summary judgment stage, the Court views the facts[5] and makes all reasonable inferences in the light most favorable to the nonmoving party.

If the movant carries the initial burden, the nonmovant must then assert that a material fact is genuinely disputed and must support the assertion by "citing to particular parts of materials in the record" that show "that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute," or by showing "that [the movant] cannot produce admissible evidence to support the fact."[6] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts"[7] or theorizing a plausible scenario in support of its claims. Instead, "the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether is so one-sided that one party must prevail as a matter of law."[8]

*Discussion*

Under Oklahoma law, punitive damages are only available in actions involving fraud, oppression, malice, or gross negligence and are generally a question for the fact-finding jury.[9] Punitive damages require a plaintiff to prove by "clear and convincing

---

[4] *Anderson*, 477 U.S. at 248; *Adler*, 144 F.3d at 670.

[5] *See Williams v. FedEx Corp. Services*, 849 F.3d 889, 896 (10th Cir. 2017).

[6] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. at 322.

[7] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[8] *Neustrom*, 156 F.3d at 1066 (quoting *Anderson*, 477 U.S. at 251–52); *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

[9] *See Sinclair v. Hembree & Hodgson Construction, LLC*, 2020 WL 3965010, at *5 (W.D. Okla. July 13, 2020) (citing *Fuller v. Neundorf*, 278 P.2d 836, 839 (Okla. 1954)).

evidence" that the defendant is "guilty of reckless disregard for the rights of others" or "acted intentionally and with malice towards others."[10] The Oklahoma Supreme Court explains that "[p]unitive damages are allowable where there is evidence of reckless and wanton disregard of another's rights from which malice and evil intent may be inferred."[11]

The Defendants contend that the record does not contain any facts that support punitive damages, relying on Mr. Salazar's deposition testimony that he looked both ways twice and thought the intersection clear and that he had sufficient time to cross the highway.[12] In response, Mr. Taggart—also citing Mr. Salazar's deposition testimony—contends that Mr. Salazar was aware of a nearby dip in the road that obfuscated his ability to detect approaching traffic, that Mr. Salazar knew it would take him longer than usual to cross the intersection due to pulling the flatbed trailer, and that Mr. Salazar did not wait at the stop sign long enough to ascertain whether it was safe to cross the highway.[13]

Considering these factual disputes regarding how Mr. Salazar entered the intersection and how careful he was before proceeding onto the highway, summary judgment on the punitive damages claim is inappropriate. The Court cannot yet say with certainty that evidence cannot be developed at trial showing that Mr. Salazar knew he

---

[10] *McGinley v. Am. Dump Trucks, Inc.*, 2021 WL 4517687, at *4 (W.D. Okla. Sept. 30, 2021) (quoting Okla. Stat. tit. 23, § 9.1).

[11] *Graham v. Keuchel*, 847 P.2d 342, 363–64 (Okla. 1993); *see also Fuller*, 278 P.2d at 839.

[12] Salazar Deposition (Dkt. 48, Ex. 1), at 80.

[13] *See* Pl.'s Resp. in Opp. (Dkt. 48), at 3; *see also* Salazar Deposition (Dkt. 48, Ex. 1), at 67–69, 80, 83, 88.

would be slow and take more time to cross the highway than usual and that he failed to drive with adequate care or failed to take adequate time to survey the highway before proceeding into the intersection. Depending on how this evidence is developed at trial, a reasonable jury might be able to find that such a failure to take adequate time to survey the highway constitutes reckless disregard for the rights of others—namely, the rights of oncoming drivers such as Mr. Taggart. Admittedly, this will be a high burden. Under Oklahoma law, gross negligence sufficient to support punitive damages requires more than simply an accident resulting from a driver's inadvertence.[14] Yet in this early posture, viewing the facts in the light most favorable to Mr. Taggart, this burden might yet be carried. Summary judgment is thus not warranted.

## *Conclusion*

Accordingly, the Defendants' Motion for Partial Summary Judgment on Punitive Damages (Dkt. 44) is **DENIED**.

**IT IS SO ORDERED** this 24th day of January 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[14] *See Hinds v. Warren Transport, Inc.*, 882 P.2d 1099, 1102 (Okla. Civ. App. 1994).