IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN RAY TAGGART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-00050-PRW |
| | ) |
| CASING CREWS, INC., and CHAD NICKLOS SALAZAR, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Taggart's Motion to Reconsider (Dkt. 67), seeking reconsideration of the Court's previous decision to dismiss direct negligence claims. Defendants filed a Response (Dkt. 71). For the reasons stated below, Plaintiff's Motion to Reconsider (Dkt. 67) is **DENIED**.

This case arises out of a traffic accident, where a pickup truck and flatbed trailer owned by Defendant Casing Crews and driven by Defendant Salazar attempted to cross a road and was struck by Plaintiff Taggart. Along with various other claims, Taggart charged Casing Crews with direct negligence—specifically, negligent hiring, retention, training, supervision, and entrustment. On March 18, 2021, this Court granted Defendants' motion for judgment on the pleadings and dismissed all direct negligence claims. The Court found Taggart's claims of negligent hiring, training, supervision, and retention were prohibited under Oklahoma law by *Jordan v. Cates*. The Court also found that Taggart's claims of negligent entrustment and any other direct liability claims failed the *Twombly*/*Iqbal*

1

pleading standard. Although Taggart was given an opportunity to file an amended complaint to correct the *Twombly*/*Iqbal* deficiencies, he declined to do so.

Now, Taggart seeks reconsideration of that Order. The Tenth Circuit has established that a motion for reconsideration is not the "appropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[1] Instead, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[2]

Taggart stakes his argument on the first ground, claiming that there has been an intervening change in the controlling law. Specifically, he argues that "[s]ince this Court's ruling, there has been a ruling of the Tenth Circuit Court of Appeals addressing this exact issue contradicting the holding in this case."[3] However, the case that Taggart cites—*Stalnaker v. Three Brothers Transport, LLC*[4]—is not from the Tenth Circuit Court of Appeals. It is a case from the Northern District of Oklahoma, where Chief Judge Tymkovich of the Tenth Circuit Court of Appeals was sitting by designation for Senior Judge Dowdell of the Northern District. Furthermore, the order Taggart cites is an unpublished order. Thus, rather than intervening change of controlling law issued by a

---

[1] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[2] *Id.*

[3] *See* Mot. for Recon. (Dkt. 67), at 2.

[4] No. 4:20-CV-00140-JED-CDL (N.D. Okla. Jan. 31, 2022).

binding authority in this matter—such as the Tenth Circuit Court of Appeals or the Oklahoma Supreme Court—Taggart bases his motion on an unpublished district court order from a different district.

When entering its previous Order, the Court noted the same criticisms of and uncertainty surrounding the *Jordan* precedent that Chief Judge Tymkovich relied on in reaching his conclusion. Yet the Court also noted that within this district, courts have consistently recognized the remaining portions of *Jordan* as good law even after *Fox v. Mize*.[5] Since neither the Oklahoma Supreme Court nor the Tenth Circuit Court of Appeals has issued a ruling to the contrary, there has been no "intervening change in the controlling law" such that reconsideration would be appropriate.[6] Accordingly, since there has been no intervening change in the controlling law and since Taggart presented no other arguments in support of his motion, Taggart's Motion to Reconsider (Dkt. 67) is **DENIED**.

**IT IS SO ORDERED** this 23rd day of March 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[5] *See* Order (Dkt. 34), at 5 n.14 (collecting cases).

[6] *Paraclete*, 204 F.3d at 1012 ("Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").